UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| ANTENOR DALFIOR, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| BOSWORTH PLACE, INC. d/b/a BEANTOWN PUB; ROGER W. ZEGHIBE, | ) ) ) ) |
| Defendants | ) |

## COMPLAINT AND JURY DEMAND

### Introduction

1. This action is brought by an hourly worker of the Defendants, on behalf of himself and all similarly-situated workers, alleging unlawful failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and failure to pay wages in violation of M.G.L. c. 149, § 148. Plaintiff seeks, among other forms of relief, statutory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

### Parties

2. Plaintiff Antenor Dalfior is an adult resident of Everett, Massachusetts. He worked for Defendants as a cook from in or around July 2018 until in or around October 2018.

3. Defendant Bosworth Place, Inc. d/b/a Beantown Pub ("Beantown Pub") is a Massachusetts corporation, with a principal place of business at 100 Tremont Street, Boston, Massachusetts.

4. On information and belief, Defendant Roger W. Zeghibe is an adult resident of Jamaica Plain, Massachusetts, and an employer for purposes of the Massachusetts wage laws and the FLSA. On information and belief, he is the president, treasurer, and owner of Beantown Pub. As a result, on information and belief, Mr. Zeghibe substantially or exclusively controls Beantown Pub's policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

8. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

**Factual Allegations**

9. Plaintiff worked as a cook for the Defendants from July 2018 to October 2018, when he was terminated.

10. Plaintiff was paid at the rate of $15.00 per hour.

11. Plaintiff regularly was scheduled to work, and did work, about 80 hours per week. His schedule was 7:00 a.m. to 11:00 p.m. on Monday and Tuesday; 7:00 a.m. to 5:00 p.m. on Thursday, Friday, and Sunday; and 7:00 a.m. to 1:00 a.m. on Saturday.

12. The Defendants never paid Plaintiff an overtime premium for any of the hours he worked in excess of 40 each week.

13. On information and belief, the Defendants have a longstanding and consistent practice of failing to pay their kitchen workers overtime wages for weeks during which the employees work more than 40 hours per week, in violation of the FLSA and Massachusetts law. Those employees are suffered and permitted to work more than 40 hours per week on a regular and consistent basis.

14. On information and belief, as was their practice with Plaintiff, Defendants knowingly and willfully failed to pay their hourly employees overtime when those employees worked more than 40 hours per week, and Defendants knowingly suffered or permitted their hourly employees to work more than 40 hours per week.

15. Plaintiff has consented to bring and participate in this action pursuant to 29 U.S.C. § 216(b). A copy of his written consent is attached as Exhibit 1.

16. Plaintiff also has filed a complaint with the Massachusetts Attorney General's Office and has received permission to bring this case.

**Allegations as to Class**

17. Plaintiff seeks to certify a class of all hourly kitchen workers (including cooks, prep workers, and dishwashers) of the Defendants who worked any overtime hours for the Defendants during the relevant limitations period without receiving required overtime pay.

18. On information and belief, the class is the class is so numerous that joinder of all members is impracticable. Given the long hours demanded of its kitchen staff, the Defendants have a high level of turnover, resulting in a large number of aggrieved employees.

19. Given that the pay practices described above were followed by the Defendants on a regular basis for all kitchen staff, there are questions of fact and law common to all members of each class.

20. Plaintiff's claims are typical of the claims of individuals in the class.

21. Plaintiff and his counsel will fairly and adequately represent the interests of the class. Plaintiff has no known conflicts of interest with other class members. The attorneys representing Plaintiff have litigated and successfully resolved numerous class action cases involving employment claims.

22. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Although the amount of each class member's damages may vary depending on their periods of employment, those damages should be readily ascertainable from Defendants' records. As a result, common issues of liability predominate over individualized issues of damages.

23. A class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications

would result in a highly inefficient duplication of discovery, briefing of legal issues, and court proceedings.

## COUNT I
### FAILURE TO PAY OVERTIME – FLSA
### (COLLECTIVE ACTION)

As set forth above, Defendants' knowing and willful failure to pay their hourly employees overtime wages violates the overtime provisions of 29 U.S.C. § 207(a). This claim is asserted pursuant to 29 U.S.C. § 216.

## COUNT II
### FAILURE TO PAY WAGES – MASSACHUSETTS LAW
### (CLASS ACTION)

As set forth above, Defendants violated M.G.L. c. 149, § 148, by failing to pay on a timely basis all wages due to Plaintiff and other hourly workers, including all overtime wages required under federal law. This is claim is brought pursuant to M.G.L. c. 149, § 150.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to M.G.L. c. 149, § 150 and/or Fed. R. Civ. P. 23;

2. With respect to the FLSA overtime claim, certification of this case as a collective action and an order conditionally certifying classes of similarly-situated individuals, permitting the issuance of notice informing affected employees of their right to opt in to this action;

3. With respect to the FLSA overtime claim, a finding that Defendants' violations were willful and knowing, and therefore subject to a three-year statute of limitations;

4. An award of damages for all wages and other losses to which Plaintiff and all class members are entitled, including mandatory treble damages under Massachusetts law and liquidated damages under the FLSA;

5. Attorneys' fees, costs, and interest; and

6. Any other relief to which Plaintiff and all class members may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

        ANTENOR DALFIOR, on behalf of himself and all others similarly situated,

        By his attorneys,

        /s/ *Stephen S. Churchill*
        Stephen S. Churchill (BBO#564158)
        FAIR WORK, P.C.
        192 South Street, Suite 450
        Boston, MA 02111
        (617) 607-6230
        steve@fairworklaw.com

Dated: January 9, 2019